IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| REBECCA WOMACK, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 9:08-cv-00089-RC |
| | ) | |
| vs. | ) | |
| | ) | |
| SHUTTLE AMERICA CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | x | |

**MOTION AND BRIEF OF DEFENDANTS EMBRAER AIRCRAFT HOLDING, INC. AND EMBRAER SERVICES, INC. TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR IMPROPER VENUE AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Defendants EMBRAER AIRCRAFT HOLDING, INC. ("EAH") and EMBRAER SERVICES, INC. ("ESI"), by and through their undersigned attorneys and in response to plaintiff's Original Complaint ("Complaint"), hereby move to dismiss the Complaint pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure for improper venue and failure to state a claim upon which relief may be granted.

### I. Background Facts

Plaintiff Rebecca Womack ("Womack" or "Plaintiff") filed her Original Complaint with this Court on or about May 23, 2008. Defendant ESI, a Delaware corporation based in Fort Lauderdale, Florida and licensed to do business in Texas, was served with process on or about

June 12, 2008 through its registered agent in Houston, Texas.[1] ESI is a wholly-owned but separate and independent subsidiary of EAH, also a Delaware corporation based in Fort Lauderdale, Florida. *See* EAH/ESI Rule 7.1 Disclosure Statement filed concurrently herewith. EAH, according to a Return of Service filed with this Court, was served through the Texas Secretary of State on June 13, 2008.

According to the allegations in her Complaint, Plaintiff Womack is a U.S. citizen residing in Lufkin, Texas.[2] Plaintiff allegedly was a passenger on United Express Flight 7512 from Bush Intercontinental Airport ("IAH") in Houston, Texas to Washington Dulles International Airport ("IAD") in Chantilly, Virginia on May 30, 2006. Complaint, ¶¶2, 14 & 15. As the aircraft approached IAD for landing, the flight crew discovered the nose wheel landing gear could not be extended. *Id.*, ¶¶35-36. They eventually executed a landing utilizing the main landing gear with the nose gear still unextended. *Id.*, ¶41. The aircraft settled on its fuselage and slid to a stop in a nose-low, tail-high attitude. *Id.*, ¶42.

The crew then initiated an evacuation using the rear door evacuation slides. *Id.*, ¶42. Plaintiff alleges the evacuation slide could not reach the ground at a safe angle while the aircraft was in a nose-down, tail-high attitude. *Id.*, ¶43. Plaintiff alleges she was pushed from the rear door, struck the runway, and then other passengers landed on top of her, causing her injury. *Id.*, ¶45.

---

[1] ESI has ceased to do business in Texas and has filed its final tax return in the state.

[2] Plaintiff's allegations of corporate citizenship are essentially correct. Defendants otherwise neither admit nor deny plaintiff's allegations at this time, which are taken as true for purposes of this motion, and reserve all denials, objections, and defenses to plaintiff's Complaint.

The Complaint alleges that the aircraft involved in the gear-up landing was an EMB-170 regional jet designed and manufactured by Embraer-Empresa Brasileira de Aeronautica, S.A. ("Embraer"), a Brazilian company. Complaint, ¶¶9, 16, & 18. EAH is a wholly-owned but separate and independent subsidiary of Embraer, and ESI accordingly is a second-tier subsidiary of Embraer. Embraer is named as a defendant in this action but has not been served.

Plaintiff alleges that Embraer was negligent and that Embraer designed, manufactured, and marketed a defective product. Complaint, ¶¶53 & 59. EAH and ESI deny these allegations against their parent company, but for present purposes note only that Plaintiff makes no direct allegations of liability against either EAH or ESI. Plaintiff alleges that Embraer is liable and that EAH, ESI, and Embraer are an "integrated enterprise." *Id.*, ¶11. This conclusory statement is made without any supporting fact allegations.

## II. ARGUMENT AND AUTHORITIES

### A. THE EASTERN DISTRICT OF TEXAS IS AN IMPROPER VENUE

Plaintiff alleges federal subject matter jurisdiction based solely on diversity, 28 U.S.C. § 1332(a)(3), and venue accordingly is governed by 28 U.S.C. § 1391(a)(2). Complaint, ¶¶12-13.[3]

According to Section 1391(a):

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2)

---

[3] The Complaint cites 28 U.S.C. § 1332(a)(1) as the basis for jurisdiction and Section 1391(b)(2) as the basis for venue. Defendants believe that Section 1332(a)(3) is the proper jurisdictional reference because an alien company, Embraer, is an additional defendant, and also believe that 1391(a) governs venue because jurisdiction is founded solely on diversity. Defendants do not consider these errors material. Sections 1391(a)(2) and (b)(2) are identical and some cases cited in the main text were in fact based on the latter.

a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

If venue has been laid in the wrong district, the court must dismiss the action or, if in the interest of justice, transfer it to a district in which it could have been brought. 28 U.S.C. § 1406(a). When venue is challenged as improper, the plaintiff has the burden of establishing venue. *Bigham v. Envirocare, Inc.*, 123 F. Supp. 2d 1046, 1047-48 (S.D. Tex. 2000). In the absence of an evidentiary hearing, all allegations in the plaintiff's complaint are taken as true for purposes of this motion. *Id.*

Venue clearly is not proper in the Eastern District of Texas under Section 1391(a)(1), which is relevant only if all of the defendants reside in the same state. It is not applicable here because the U.S. defendants are based or incorporated in Delaware, Florida, Indiana, and Illinois, and Embraer resides in Brazil.[4] Complaint, ¶¶3-9.

Section 1391(a)(3) also is inapplicable, as it applies only if there is no other district where the action might be brought. *See, e.g., Daniel v. American Board of Emergency Medicine*, 428 F.3d 408, 434-35 (2d Cir. 2005). As discussed below, the Complaint identifies at least three judicial districts—the Northern District of Virginia and the Southern District of Texas, and arguably the Southern District of Indiana—where "a substantial part of the events or omissions giving rise to the claim [allegedly] occurred."

In determining where a "substantial part" of the events and omissions occurred, the court

---

[4] Embraer, an alien company not residing in any state or district, is outside the scope of the general venue statute. *See* 28 U.S.C. § 1391(d).

- 4 -

evaluates the relevant contacts between the forum and the allegations of misconduct, taking into consideration the overall nature of the plaintiff's claims and where specific acts or omissions occurred that have a close nexus to the claims. *Daniel*, 428 F.3d at 432; *Pikofsky v. Jem Oil*, 607 F. Supp. 727, 732 (D. Wis. 1985). Only the defendants' conduct and where that conduct took place are considered. *Bigham*, 123 F. Supp. 2d at 1048; *Moore v. Dixon*, 460 F. Supp. 2d 931, 936-37 (E.D. Wis. 2006).

Venue may lie in more than one district. *C.H. James & Co. v. Federal Food Marketers Co.*, 927 F. Supp. 187, 189 (D.W.V. 1996). If it does, a court should determine which of the districts has the most relevant contacts, taking into account such points as the location of evidence, ease of accessibility for witnesses, and convenience to the defendants. *Heinz v. Frank Lloyd Wright Foundation*, 773 F. Supp. 1219, 1222-23 (D. Wis. 1991). If two or more districts are equally convenient, the choice may be left to the plaintiff. *Id.*

In ascertaining what is "substantial," the court looks at the entire sequence of events underlying the claim rather than a single action that may have triggered it. *Moore*, 460 F. Supp. 2d at 936. The place where the injury occurred is, however, a prime consideration in venue analysis. *Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 672 (S.D. Tex. 2003); *Blansett v. Continental Airlines, Inc.*, 203 F. Supp. 2d 736, 742-43 (S.D. Tex. 2002); *Barnett v. Kirby Inland Marine, Inc.*, 202 F. Supp. 2d 664, 670 (S.D. Tex. 2002).[5] If plaintiff had commenced this action in the Northern District of Virginia, where the alleged injury occurred, it would not be subject to

---

[5] There was a contractual choice of forum provision in *Speed* and both *Blansett* and *Barnett* involved inconvenient rather than improper venue, none of which alters the fact that the place where the final act giving rise to a tort claim occurred may be relevant in any non-contractual venue determination.

dismissal for improper venue.

Plaintiff also could have commenced this action in the Southern District of Texas, based on her allegations that the flight crew negligently failed to review maintenance records there while awaiting departure from IAH. Complaint, ¶¶28-30. Plaintiff further alleges that the flight crew had trouble raising the nose gear as they were departing IAH. *Id.*, ¶31-33. Plaintiff also alleges defective maintenance, Complaint, ¶¶21-26, some of which may have occurred in the Southern District of Texas (no maintenance is alleged to have taken place in the Eastern District of Texas). Plaintiff cites one instance of maintenance activity in Indianapolis, located in the Southern District of Indiana. *Id.*, ¶23.

Plaintiff sets out no allegations of any substantial events or omissions in, or even defendant contacts with, the Eastern District of Texas. Plaintiff allegedly resides in the Eastern District of Texas and purchased her ticket in the district, Complaint, ¶15, but, as noted above, the Plaintiff's contacts are not relevant in a preliminary venue assessment.

This district is therefore improper, and there are at least two, possibly three, venues where this action could have been brought, at least against some of the defendants. Any defendant who is subject to jurisdiction in the Eastern District of Texas (including EAH and ESI) will be subject to jurisdiction in the Southern District of Texas.

This action therefore should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) because it has been brought in an improper forum.

### B. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST EAH OR ESI

Plaintiff alleges that Embraer, the Brazilian parent company of EAH and second-tier parent of ESI, designed, manufactured, marketed, and put the EMB-170 aircraft into the stream

of commerce, and thereafter purportedly owed relevant support duties to operators. *Id.*, ¶¶18, 20, 53 & 59. Aside from the jurisdictional allegations in paragraphs 6-9 of the Complaint, Plaintiff makes no allegations against EAH and ESI except to allege that they and Embraer are an "integrated enterprise." Complaint, ¶11. No factual allegations in support of this conclusory statement are asserted.

Even under the liberal pleading standards of the Federal Rules of Civil Procedure, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986). "[W]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions...." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

Plaintiff has not sufficiently linked EAH and ESI to Embraer's purported liability—essentially, Plaintiff alleges only that EAH and ESI exist. This is not a claim upon which relief may be granted and this court may dismiss the claims against EAH and ESI pursuant to Rule 12(b)(6).

If that were not enough, the "integrated enterprise" theory—which EAH and ESI equate with the "joint enterprise" and "single business enterprise" theory[6]—may not even exist at law.

---

[6] There also is an "integrated enterprise" theory recognized in some federal circuits in connection with the National Labor Relations Act and employment discrimination. *See, e.g., Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993). EAH and ESI assume that plaintiff's allegations refer to the theory some Texas and Louisiana courts have adopted that allows them to treat separate corporations as a joint venture.

Some Texas courts have recognized this theory. *See, e.g., Bridgestone Corp. v. Lopez*, 131 S.W.3d 670, 681-82 (Tex. App.-Corpus Christi 2004, remanded by agreement); *N. Am. Van Lines, Inc. v. Emmons*, 50 S.W.3d 103, 119 (Tex.App.-Beaumont 2001, pet. denied); *Aluminum Chems. (Bolivia), Inc. v. Bechtel Corp.*, 28 S.W.3d 64, 68 (Tex.App.-Texarkana 2000, no pet.). The Texas Supreme Court, however, has pointedly observed that it has not, *see S. Union Co. v. City of Edinburg*, 129 S.W.3d 74, 86-87 (Tex. 2003), and recent Texas appeals decisions have taken note of the Texas Supreme Court's position. *See, e.g., Academy of Skills & Knowledge, Inc. v. Charter Schools*, -- S.W.3d --, 2008 WL 2514313, *7 (Tex. App. Tyler June 25, 2008) (concluding enterprise liability "does not exist" under Texas law); *Olympia Capital Assocs., L.P. v. Jackson*, 247 S.W.3d 399, 412 (Tex. App. Dallas 2008, no pet.); *Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 196 n.9 (Tex. App. [14th Dist.] 2005, no pet.) (both questioning whether the joint enterprise theory survived *S. Union v. Edinburg*).

To the extent the theory is recognized, recognition does not appear to have spread beyond Texas and Louisiana. EAH and ESI are corporate residents of Delaware and Florida, and Texas law may not govern issues relating to corporate structure or joint liability. In addition, Plaintiff has failed to allege any basis for integrated enterprise liability here, even assuming Texas law governs and that it recognizes integrated enterprise liability.

Texas, like Delaware and Florida, presumes that separate corporations are separate persons. *See, e.g., Academy of Skills & Knowledge*, -- S.W.3d --, 2008 WL 2514313 at *7; *American Express Ins. Servs. Europe Ltd. v. Duvall*, 972 So. 2d 1035, 1040 (Fla. App. DCA 3 2008); *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1038 (Del. Ch. 2006). A plaintiff who seeks to rebut this presumption must establish that one corporation is the other's

appointed agent, or its alter ego, that is, a sham corporation formed to serve as a mere conduit for the other. Plaintiff has not alleged either agency or alter ego liability, nor has she set out any underlying factual support for either theory.

Plaintiff has not and cannot allege factual support for her more liberal "integrated enterprise" liability theory. The theory, according to the courts that have recognized it, allows courts to impose the joint liability standards applicable to partnerships and joint ventures on corporations. "To recover under a finding of a single business enterprise, no proof of fraud is required; instead, the single business enterprise theory relies on equity analogies to partnership principles of liability." *Emmons*, 50 S.W.3d at 119. It is an equitable doctrine applied to reflect partnership-type liability principles when corporations integrate their resources and operations to achieve a common business purpose. *El Puerto de Liverpool v. Servi Mundo Llantero S.A. de C.V.*, 82 S.W.3d 622, 636-37 (Tex.App.-Corpus Christi 2002, pet. dism'd w.o.j.) (op. on reh'g); *Emmons*, 50 S.W.3d at 119; *Aluminum Chems. (Bolivia), Inc. v. Bechtel Corp.*, 28 S.W.3d 64, 68 (Tex.App.-Texarkana 2000, no pet.). It essentially renders business corporations law meaningless and unsurprisingly has not found wide acceptance.

According to some courts, though, a "joint enterprise" exists if those concerned have (1) an agreement, either express or implied, with respect to the enterprise or endeavor, (2) a common purpose, (3) a common business or pecuniary interest, and (4) an equal right to direct and control the enterprise. *Emmons*, 50 S.W.3d at 117.

A court that accepted the theory considered the following non-exhaustive factors in deciding whether long-arm jurisdiction could be imposed on a foreign corporation based on the presence in Texas of a related corporation:

> [W]hether the corporations have "common employees; common offices; centralized accounting; payment of wages by one corporation to another corporation's employees; common business name; services rendered by the employees of one corporation on behalf of another corporation; undocumented transfers of funds between corporations; and unclear allocation of profits and losses between corporations.

*Bridgestone v. Lopez*, 131 S.W.3d at 681-82 (citations omitted). Embraer, EAH, and ESI make common use of "Embraer" in their names, but plaintiff has not included any other allegations suggesting these companies operate as a joint enterprise to such an extent the presumption of corporate separateness may be disregarded. EAH and ESI do not believe that she could. She has not stated and cannot state a claim against these defendants upon which relief may be granted, and her claims against these defendants should be dismissed.

### III. CONCLUSION

WHEREFORE, defendants EMBRAER AIRCRAFT HOLDING, INC. and EMBRAER SERVICES, INC. respectfully request that Plaintiff take nothing by this action, that the Court grant Defendants' Motion to Dismiss for Improper Venue and Motion to Dismiss for Failing to State a Claim Upon Which Relief May be Granted, dismissing this action against EMBRAER AIRCRAFT HOLDING, INC. and EMBRAER SERVICES, INC. with prejudice and that the Court grant EMBRAER AIRCRAFT HOLDING, INC. and EMBRAER SERVICES, INC. their costs and other relief to which they are entitled or the Court deems proper.

Dated: San Antonio, Texas
July 2, 2008

                                      GLAST, PHILLIPS, & MURRAY, P.C.

By: _____
H.L. Buddy Socks
State Bar No. 18819800
219 East Houston Street, Suite 400
San Antonio, Texas   78205
Tel: (210) 244-4119
Fax: (210) 244-4198
Attorneys for Defendants
EMBRAER AIRCRAFT HOLDING, INC.
and EMBRAER SERVICES, INC.

## CERTIFICATE OF SERVICE

This is to certify that on the 1st day of July, 2008, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and transmitted the foregoing document to the below listed counsel by the method indicated:

| George E. Chandler | Howard T. Dulmage |
|---|---|
| Chandler Law Offices | McCormick, Hancock & Newton |
| 207 East Frank Street | 1900 West Loop South, Suite 700 |
| Lufkin, Texas 75901 | Houston, Texas 77027 |
| 936-632-7778 | 713-297-0700 |
| 936-632-1304 (fax) | 713-297-0710 (fax) |

_____
H. L. Buddy Socks

- 11 -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| REBECCA WOMACK, | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO. 9:08-cv-00089-RC** |
| | ) | |
| vs. | ) | **ORDER OF DISMISSAL** |
| | ) | |
| SHUTTLE AMERICA CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On the 2d day of July, 2008, defendants EMBRAER AIRCRAFT HOLDING, INC. ("EAH") and EMBRAER SERVICES, INC. ("ESI") moved this Court for an Order dismissing plaintiffs' Original Complaint, pursuant to Rule 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure for improper venue or, alternatively, for failure to state a claim upon either defendant upon which relief may be granted. The Court having considered all papers submitted in support of and in opposition to the relief requested, including the motion and briefings of the parties, and good cause being shown,

IT IS HEREBY ORDERED that defendants' Motion to Dismiss is GRANTED, and that the action is hereby dismissed against defendants EAH and ESI based on improper venue and failure to state a claim upon which relief may be granted, and that costs be entered forthwith by the Clerk of the Court.